IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SOUTHERN TIRE MART, LLC, § <br> § <br> *Defendant*. § | CIVIL ACTION No. 2:22-cv-0312-JRG-RSP <br> (Lead Case) |

## REPORT AND RECOMMENDATION

Before the Court, defendants Southern Tire Mart, LLC ("STM"), Heritage-Crystal Clean, LLC ("HCC"), and AET Environmental, Inc. moved to dismiss the respective complaints against them. **Dkt. Nos. 8 & 12.** Plaintiff Fleet Connect Solutions LLC ("FCS") filed amended complaints against each of them. Dkt. Nos. 15 & 16. Unsatisfied with the amended pleadings, the defendants reurged their motions. **Dkt. No. 17 & 19**. Having considered the procedural posture and the motions, it is the recommendation of the undersigned that the first series of motions, **Dkt. Nos. 8 & 12**, be **DENIED AS MOOT**, and that the second series of motions, **Dkt. No. 17 & 19**, be **DENIED**.

### I.     Background

FCS filed suit against STM alleging infringement of one or more claims of six asserted patents: U.S. Patent Nos. 6,429,810 ("'810 patent"), 7,206,837 ("'837 patent"), 6,549,583 ("'583 patent"), 6,633,616 ("'616 patent"), 8,494,581 ("'581 patent"), and 7,742,388 ("'388 patent"). Dkt. No. 1. Additionally, FCS filed suit against HCC and AET alleging infringement of one or more claim of the same asserted patents except for the '810 patent. *Fleet Connect Solutions LLC v. Heritage-Crystal Clean, LLC, et al*, 2:22-cv-0327, Dkt. No. 1.

The defendants filed substantially identical Rule 12(b)(6) motions arguing that the complaints failed to sufficiently plead direct and willful infringement. Dkt. Nos. 8 & 12. In response, FCS served infringement contentions and filed amended complaints. Dkt. Nos. 15 & 16. Defendants reurged on substantially the same grounds. Dkt. Nos. 17 & 19.

## II.      Standard

A complaint states a sufficient claim if it gives a defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a Rule 12 motion to dismiss, a court must accept "all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). The court must then decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

### III. Analysis

Defendants first argue that FCS has failed to sufficiently plead claims of direct infringement because the amended complaints refer to infringement contentions that have not been entered into the record, ostensibly in violation of Federal Rule of Civil Procedure 10(c). Dkt. No. 17 pp 6-7; Dkt. No. 19 pp 6-8.

FCS alleges that the defendants use "one or more fleet management and tracking solutions" and provides of list of accused instrumentalities. Dkt. No. 15 ¶ 18; Dkt. No. 16 ¶ 21. FCS further alleges that the accused instrumentalities apply wireless communications to perform methods that track vehicle and cargo locations. Dkt. No. 15 ¶¶ 19-21; Dkt. No. 16 ¶¶ 22-25. Thereafter, FCS alleges that the defendants directly infringe at least one claim of each patent by performing a method captured by the claim. Dkt. No. 15 ¶¶ 28-29, 38-39, 53-54, 63-64, 73-74, 88-89; Dkt. No. 16 ¶¶ 30-32, 40-42, 51-53, 61-63, 76-78.

This is sufficient to provide notice of FCS's claims because it is plausible that the accused instrumentalities through wireless communications perform the methods captured by the asserted patents. There is no requirement that the pleadings perfectly match the claim elements. See, *e.g.*, *In re S. Scrap Material*, 541 F.3d at 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556) ("This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements."). The amended complaints by themselves contain sufficient detail to limit the scope of the allegations and provide notice of FCS's claims of infringement. While the infringement contentions "provide further safeguards against" expansion, their incorporation is not necessary to satisfy the notice requirement. *PanOptis Patent Mgmt., LLC v. BlackBerry Corp.*, No. 2:16-CV-0059-JRG-RSP, 2017 U.S. Dist. LEXIS 27756, at *14 (E.D. Tex. Feb. 10, 2017). Further, considering that the Court "should freely give leave" to amend, Fed.

R. Civ. Pro. 15 (a)(2), the defendants' motions "accomplish very little" if an amended filing including the infringement contentions would overcome defendants' argument. *PanOptis*, 2017 U.S. Dist. LEXIS 27756, at *15.

Additionally, HCC and AET argue that FCS failed to identify which of them is responsible for specific acts of infringement. Dkt. No. 19 pp 7-8. However, group pleading is not prohibited where, as here, the complaint alleges or the record demonstrates a corporate relationship. *E.g.*, *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, 2020 U.S. Dist. LEXIS 52162, at *15 (E.D. Tex. Mar. 25, 2020); *Zond, Inc. v. Fujitsu Semiconductor Ltd.*, 990 F.Supp.2d 50, 53 (D. Mass. 2014). By HCC and AET's own admission,

> "HCC is the second largest provider of full-service parts cleaning, hazardous and non-hazardous waste disposal services and used oil collection services to companies in both the industrial and vehicle maintenance sectors in North America. AET is a wholly-owned subsidiary of HCC, and it is headquartered in Denver, Colorado. AET provides hazardous waste disposal to companies located in Colorado, Texas, Utah, and Nevada."

*Id.* at p 3. Accordingly, group pleading is not prohibited at this stage.

Next, defendants argue that FCS has failed to sufficiently plead pre-suit and post-suit willful infringement. Dkt. No. 17 pp 9-13; Dkt. No. 19 pp 10-14. Notably missing from defendants' recitation of law for pleading willful infringement is that "a well-pled claim for willful blindness is sufficient to state a claim for willful infringement." *Motiva Pats., LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 836-38 (E.D. Tex. 2019) (Gilstrap, J.) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-69 (2011) and *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 104-06 (2016)). The amended complaints allege that the defendants "ha[ve] a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of FCS's patent rights." Dkt. No. 15 ¶¶ 41, 76, 91; Dkt. No. 16 ¶¶ 65, 80. This is sufficient to provide notice of a claim of either pre-suit or post-suit willful

4

infringement. *Motiva*, 408 F. Supp. 3d at 838 ("Motiva alleges that HTC engaged in affirmative conduct by creating a willfully blind policy, and then took additional affirmative steps to police its employees in complying with such policy. Both the act of creating a policy and acts of implementation constitute intentional, affirmative conduct within the ambit contemplated by *Halo*.").

Lastly, defendants argue that FCA has failed to sufficiently plead post-suit infringing conduct, including willful infringement, because the amended complaints failed to sufficiently plead direct infringement. Dkt. No. 17 pp 13-14; Dkt. No. 19 p 14. The analysis above concludes otherwise.

### IV. Conclusion

For the reasons discussed above, it is **RECOMMENDED** that defendants' motions to dismiss, **Dkt. Nos. 8 & 12**, be **DENIED AS MOOT**, and that defendants' motions to dismiss, **Dkt. Nos. 17 & 19**, be **DENIED**.

A party's failure to file written objections to the findings and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 8th day of April, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE